110. Defendants committed an unlawful employment practice by discharging Plaintiff and depriving Plaintiff of employment opportunities.

111. Plaintiff's refusal to submit to Defendant Kaku's sexual demands was a motivating factor for the unlawful employment practices, as identified in this Count.

112. The Defendants engaged in acts of retaliation by discharging Plaintiff because Plaintiff refused to submit to Defendant Kaku's sexual demands.

113. The Defendants engaged in acts of intimidation and concealment to dissuade Plaintiff from seeking legal redress under both Title 42 of the United States Code and redress under applicable State's laws.

114. Acts of intimidation and concealment constitute unlawful employment practice.

115. The unlawful conduct, complained of herein, is of a continuing nature.

116. Defendant Associates, Inc. knew or should have known of the harassment, as described herein, and failed to take prompt, remedial action.

117. Defendant Associates, Inc. is vicariously liable for the unlawful actions of Defendant Kaku.

118. The Plaintiff has been damaged by virtue of the Defendant's conduct as described herein, said conduct constituting a violation of 42 U.S.C. § 2000e-2

119. Plaintiff's damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

## STATE LAW COUNTS

120. State law counts include, but are not limited to, violations of the law of the Commonwealth of Massachusetts as well as State law of the State listed herein. All State law counts are pled based on the laws of the following several states of the United States of America and are pled as applicable to the law of each and every state: Massachusetts, California and Hawaii.

121. This pleading form is for the convenience of the parties and the Court.[1]

122. Plaintiff reserves the right to amend all counts herein based on additional discovery and relative to the form of pleading State causes of action.

### STATE LAW CLAIMS: COUNTS II ET SEQ.

### COUNT II

### VIOLATION OF G.L. c. 151B, § 4(1) and (16A)

123. Plaintiff reasserts and realleges Paragraphs 1 through 122 above as if fully set forth herein.

124. Defendants are employers within the meaning of G.L. c. 151, § 4.

125. Plaintiff is a female.

126. Plaintiff was capable of performing her job as Regional Manager at an acceptable level.

127. Plaintiff was terminated despite her qualifications, as described in the foregoing paragraph.

128. Plaintiff was subjected to unlawful sexual harassment by Defendant Kaku.

129. The sexual harassment, as described in the foregoing paragraph, was based on Plaintiff's sex.

---

[1] The Complaint would exceed 120 pages if each jurisdiction were pled separately.

130. Defendants intentionally discriminated against the Plaintiff because of her refusal to submit to Defendant Kaku's sexual demands.

131. But for the unlawful employment practice described in the foregoing paragraph, Plaintiff would not have been discharged as Regional Manager.

132. Defendants committed an unlawful employment practice by discharging Plaintiff because of her refusal to submit to Defendant Kaku's sexual demands.

133. Defendants committed an unlawful employment practice by discriminating against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of her refusal to submit to Defendant Kaku's sexual demands.

134. The unlawful conduct, complained of herein, is of a continuing nature.

135. The Defendants knew, or should have known, their unlawful employment practices, as described in herein, were in violation of Federal and/or State laws.

136. Plaintiff has made a complaint with the Massachusetts Commission Against Discrimination required by G.L. c. 151B. See Notice of Dismissal attached hereto as Exhibit 2.

137. The Plaintiff has been damaged by virtue of the Defendants' conduct as described herein, said conduct constituting a violation of G.L. c. 151B, § 4.

138. Plaintiff's damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

## COUNT III

### VIOLATION OF G.L. c. 214, § 1C

139. Plaintiff reasserts and realleges Paragraphs 1 through 138 above as if fully set forth herein.

140. Plaintiff was subject to unlawful sexual harassment (as set forth above), by Defendant Kaku.

141. The unlawful conduct, complained of herein, is of a continuing nature.

142. Defendant Associates, Inc. is vicariously liable for the unlawful actions of Defendant Kaku.

143. Plaintiff has made a complaint with the Massachusetts Commission Against Discrimination required by G.L. c. 151B.

144. The Plaintiff has been damaged by virtue of the Defendants' conduct as described herein, said conduct constituting a violation of G.L. c. 214, § 1C.

145. Plaintiff's damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

### COUNT IV

### VIOLATION OF G.L. c. 12, § 11H AND 11I

146. Plaintiff reasserts and realleges Paragraphs 1 through 145 above as if fully set forth herein.

147. The statements, as described in Paragraph 70, made by Defendants regarding disclosure aspects of Plaintiff's and Defendant Kaku's sexual relationship to Plaintiff's family and future employers, constitute the use of threats, intimidation and/or coercion.

148. The statements, as described in Paragraph 74, made by Defendants regarding the dissemination of a confidential letter drafted by Plaintiff's prior attorney, constitute the use of threats, intimidation and/or coercion.

149. Statements, as described in Paragraphs 76 and 77, made by Defendants regarding the unlawful use of a Federal Bureau of Investigation agent constitute the use of threats, intimidation and/or coercion.

150. On information and belief, Defendants made said statements, as described in Paragraphs 147 and 149, to deter Plaintiff from seeking legal and/or equitable redress.

151. Plaintiff had a right, secured by the laws of the Commonwealth of Massachusetts, to be free from sexual harassment based on her gender.

152. Plaintiff had a right, secured by the laws of the Commonwealth of Massachusetts, to be free from Defendant's harassment and intimidation.

153. Plaintiff had a right, secured by the laws of the Commonwealth of Massachusetts, to the benefits of the employment relationship, as described in Paragraph 12, and the employment agreement, as described in Paragraph 42.

154. Defendants interfered and/or attempted to interfere with the Plaintiff's rights, as described in Paragraph 153.

155. Defendants interfered and/or attempted to interfere with the Plaintiff's rights, as described in Paragraph 153, through the use of threats, intimidation, and coercion.

156. Defendants impaired the Plaintiff's civil rights by interfering and/or attempting to interfere with the Plaintiff's rights, as described in Paragraph 153, through the use of threats, intimidation and coercion.

157. Under G.L. c. 12 § 11I, Plaintiff has a cause of action against Defendants for damages based on their interference with the Plaintiff's rights, as described in Paragraph 153, through the use of threats, intimidation and coercion.

158. The Plaintiff has been damaged by virtue of the Defendants' violation of G.L. c. 12 § 11H and § 11I and such damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

## COUNT V

### VIOLATION OF G.L. c. 93, § 102

159. Plaintiff reasserts and realleges Paragraphs 1 through 158 above as if fully set forth herein.

160. Plaintiff has the same rights, secured by the laws of the Commonwealth of Massachusetts,

enjoyed by white male citizens to make and enforce a contract.

161. Plaintiff has the same rights, secured by the laws of the Commonwealth of Massachusetts, enjoyed by white male citizens to be free from sexual harassment.

162. Plaintiff has the same rights, secured by the laws of the Commonwealth of Massachusetts, enjoyed by white male citizens to be left alone.

163. Defendants denied Plaintiff said rights, as described in Paragraph 160 through 162.

164. Plaintiff was denied said rights, as described in Paragraphs 160 through 162, because of her refusal to submit to Defendant Kaku's sexual demands.

165. The sexual harassment, as described in the foregoing paragraph, was based on the Plaintiff's gender.

166. Plaintiff has made a complaint with the Massachusetts Commission Against Discrimination required by G.L. c. 151B.

167. The Plaintiff has been damaged by virtue of the Defendants' violation of G.L. c. 93, § 102 and such damages were proximately caused by the

improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

### COUNT VI

### FRAUD, DECEIT AND MISREPRESENTATION

168. Plaintiff reasserts and realleges Paragraphs 1 through 167 above as if fully set forth herein.

169. Defendants made false representations regarding the terms of Plaintiff's employment.

170. Defendants made false representations regarding the length of Plaintiff's employment.

171. The Defendants, as described in their agreement with Plaintiff at Paragraph 42, represented that the Plaintiff's employment would continue through May 31, 2001.

172. The representation identified in the foregoing paragraph is materially false and fraudulent.

173. The Defendants, in a letter dated September 25, 2000, represented that the Plaintiff had terminated her own employment.

174. The representation identified in the foregoing paragraph is materially false and fraudulent.

175. Alternatively, the representations in Paragraphs 171 and 173, are materially false and fraudulent and/or was made for a pretextual purpose and/or was made for the purpose of intimidation to dissuade Plaintiff from seeking legal redress.

176. Plaintiff relied on the misrepresentations, described in Paragraphs 171 through 173 to her detriment.

177. Defendants knew, or had reason to know, the statements made as described herein, were false.

178. The Plaintiff has been damaged as a result and such damages were proximately caused by the improper actions (as set forth above) of the Defendant.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees

and any other and further relief the Court deems just and proper.

## COUNT VII

### BREACH OF CONTRACT AND BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

179. Plaintiff reasserts and realleges Paragraphs 1 through 178 above as if fully set forth herein.

180. In June 2000, Defendants and Plaintiff entered into an agreement for Plaintiff's continued employment as Regional Manager.

181. As part of the agreement, as described in the foregoing paragraph, Defendants reinstated Plaintiff's previous salary and related benefits.

182. The Contract, as described herein, was supported by valid consideration.

183. Plaintiff performed all material terms and requirements under said contract and agreement.

184. Defendants breached said Contract by terminating Plaintiff's employment prior to the end of the term of said employment.

185. Defendants breached said Contract by prohibiting Plaintiff from receiving salary and related benefits prior to the end of the term of said employment.

186. Defendants breached said Contract by requiring the Plaintiff to have sex with Defendant Kaku and/or by Defendants' continuing harassment and intimidation of Plaintiff.

187. Defendants breached said Contract by failing to provide the Plaintiff with agreed to payments and benefits upon the termination of her employment.

188. The termination of the Plaintiff was wrongful.

189. Defendants breach of the contract (as set forth herein) was intentional and in bad faith.

190. The Contract contained an implied covenant of good faith including the expectation that neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the benefit of the Contract.

191. Defendants materially, knowingly, intentionally and in bad faith breached the Contract and the implied covenant of good faith.

192. In addition to the material breach of contract as described herein, Defendants further violated the contract and the implied covenant of good faith by creating a hostile and offensive work environment, through fraudulent inducement and

misrepresentation and by discrimination against the Plaintiff.

193. The Plaintiff has been damaged by virtue of the Defendants' breach of contract and breach of implied covenant of good faith and fair dealing, and such damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

## COUNT VIII

### ASSAULT AND BATTERY

194. Plaintiff reasserts and realleges Paragraphs 1 through 193 above as if fully set forth herein.

195. From March 2000 through August 2002, Plaintiff told Defendant Kaku numerous times she no longer wanted to continue an intimate relationship with Defendant.

196. During said time period, as described in the foregoing paragraph, Plaintiff's sexual relations with Defendant Kaku became involuntary.

197. On or near April 25, 2001, Defendant Kaku physically assaulted Plaintiff by grabbing and shoving her.

198. Defendant Kaku intended to commit the harmful acts upon Plaintiff, as described in Paragraphs 196 and 197.

199. Defendant Kaku used unjustified use of force to commit the unlawful acts upon Plaintiff, as described in Paragraphs 196 and 197.

200. Alternatively, Defendant Kaku's harmful acts upon Plaintiff, as described in Paragraphs 196 and 197, were willful, wanton, and/or reckless acts which resulted in physical injury to Plaintiff.

201. Plaintiff was apprehensive the harmful acts, as described in Paragraphs 196 and 197, would be inflicted upon her by the Defendant.

202. Plaintiff was physically injured as a result of the harmful acts, as described in Paragraphs 196 and 197, perpetrated upon her.

203. Defendant Associates, Inc. is vicariously liable for the unlawful actions of Defendant Kaku

204. The Plaintiff has been damaged and such damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

## COUNT IX

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

205. Plaintiff reasserts and realleges Paragraphs 1 through 204 above as if fully set forth herein.

206. Plaintiff has a right, secured by the laws of the State of Massachusetts and the Constitution of the United States, to be free from sexual harassment.

207. Plaintiff has a right, secured by the laws of the State of Massachusetts and the Constitution of the United States, to be free from sexual assault.