208. Plaintiff has a right, secured by the laws of the State of Massachusetts and the Constitution of the United States, to be left alone.

209. On information and belief, Defendants, through their actions, as set forth above, intended to inflict emotional distress on Plaintiff.

210. Alternatively, Defendants should have known that their actions, as set forth above, would likely result in emotional distress for Plaintiff.

211. Defendants' actions, as set forth above, was extreme and outrageous.

212. Defendants' actions, as set forth above, was repeated on many occasions.

213. Defendants' actions, as set forth above, is continuing.

214. Defendants' actions, as described in Paragraphs as set forth above, caused Plaintiff's mental anguish, mental disturbance, fright, terror, alarm and anxiety.

215. Plaintiff's emotional distress, as described in the foregoing Paragraph, is severe.

216. Plaintiff's emotional distress, as described in Paragraph 214, is ongoing.

217. The Plaintiff has been damaged by virtue of the Defendants' intentional infliction of emotional distress and such damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

## COUNT X

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

218. Plaintiff reasserts and realleges Paragraphs 1 through 217 above as if fully set forth herein.
219. Defendants were negligent in their actions, as set forth above.
220. Plaintiff has experienced mental anguish, mental disturbance, fright, terror, alarm and anxiety, as a result of Defendant Kaku's sexual harassment.
221. Plaintiff has experienced mental anguish, mental disturbance, fright, terror, alarm and anxiety,

as a result of Defendant Kaku's threats (as set forth above).

222. Defendants' actions, as set forth above, caused Plaintiff's mental anguish, mental disturbance, fright, terror, alarm and anxiety.

223. Plaintiff has experienced objective physical harm as a result of the emotional distress described in Paragraph 222.

224. Plaintiff has sought the assistance of a psychologist as a result of her emotional distress.

225. A reasonable person, in Plaintiff's situation, would have suffered emotional distress.

226. The Plaintiff has been damaged by virtue of the Defendants' negligent infliction of emotional distress and such damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees

and any other and further relief the Court deems just and proper.

## COUNT XI

### RESPONDEAT SUPERIOR

227. Plaintiff reasserts and realleges Paragraphs 1 through 226 above as if fully set forth herein.

228. As President of Kaku Associates, Inc., Defendant Kaku had the power to hire and terminate employees.

229. Using the power and authority of his position as President of Kaku Associates, Inc., Defendant Kaku sexually harassed the Plaintiff.

230. Using the power and authority of his position as President of Kaku Associates, Inc., Defendant Kaku induced, directed and coerced Plaintiff to continue sexual relations with Defendant.

231. Said sexual relations, as described in foregoing paragraphs, were made a condition of tangible employment benefits.

232. Defendant Kaku was in the employment and under the control and supervision of Defendant Associates, Inc.

233. The majority of the unlawful employment acts, (as set forth above), occurred during normal business hours.

234. Defendant Kaku's unlawful acts were motivated, in part, by a purpose to serve Defendant Associates, Inc.

235. Defendant Associates, Inc. knew about Defendant Kaku's unlawful acts (as set forth herein) and took no action to prevent said actions.

236. Defendant Associates, Inc. ratified Defendant Kaku's unlawful actions (as set forth herein).

237. Defendant Associates, given their employment, control and supervision of Defendant Kaku, are therefore vicariously liable for the acts and omissions of their agent Defendant Kaku.

238. The Plaintiff has been damaged and such damages were proximately caused by the improper actions (as set forth above) of the Defendants.

WHEREFORE, PLAINTIFF requests this court grant all appropriate relief, including monetary damages, including, but not limited to, exemplary and/or treble damages, against the Defendants, and requests further relief, as appropriate, including interest, costs and attorneys fees and any other and further relief the Court deems just and proper.

Respectfully Submitted,
NANETTE MACDONALD
By her Attorney,

*[signature]*

Lester E. Riordan III
81 Washington Street
Suite Eight
Salem, Massachusetts
01970
(978) 744-9461
BBO No. 663725

## JURY REQUEST

Plaintiff requests a Jury Trial on all counts.

> Respectfully Submitted,
> NANETTE MACDONALD
> By her Attorney,
>
> _____
> Lester E. Riordan III
> 81 Washington Street
> Suite Eight
> Salem, Massachusetts 01970
> (978) 744-9461
> BBO No. 663725