UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NANETTE MACDONALD,                    )
                                      )
            Plaintiff,                )     Civil Action No. 04-11218-RCL
                                      )
      v.                              )
                                      )
KAKU ASSOCIATES, INC. and            )
DICK S. KAKU,                         )
                                      )
            Defendants.               )
_____)

## DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED

Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), the Defendants, Kaku Associates, Inc.

("Kaku Associates") and Dick S. Kaku ("Kaku"), hereby move to dismiss the Complaint with

prejudice because the Plaintiff, Nanette Macdonald ("Macdonald"), cannot show that the Court

has personal jurisdiction over the Defendants, or, in the alternative, because she has failed to

state a claim on which relief can be granted. As grounds for this motion, the Defendants state as

follows.

Macdonald alleges that in 1996, while she was living in Hawaii and having an affair with

Kaku, a California resident, he hired her to set up a Hawaii office for his California company,

Kaku Associates. She alleges that the affair became non-consensual in 1998, but she did not

refuse his advances until March 2000. In response, he allegedly terminated her at-will

employment and entered into an oral agreement to employ her for eleven months. In September

2000, when she refused to resume their relationship, Kaku allegedly breached the oral

employment contract by sending Macdonald a letter falsely stating that she had resigned.

Macdonald promptly hired an attorney and filed a sexual harassment complaint with the Hawaii

Civil Rights Commission and the Equal Employment Opportunity Commission. Not long thereafter, she withdrew her complaint.

Macdonald moved from Hawaii to Massachusetts in August 2002. Kaku's only "minimum contacts" with the Commonwealth is that he called Macdonald in Massachusetts about twenty times, with the last call occurring a year and a half ago.

On March 22, 2004, Macdonald filed a sexual harassment complaint against the Defendants with the Massachusetts Commission Against Discrimination ("MCAD"), but immediately withdrew it.

She then filed this lawsuit on May 21, 2004, asserting eleven claims: sexual harassment in violation of Title VII, MGL ch. 151B, and MGL ch. 214, § 1C (Counts I-III); violation of the Massachusetts Civil Rights Act, MGL ch. 12, § 11(I) (Count IV); violation of the Massachusetts Equal Rights Act, MGL ch. 93, § 102 (Count V); fraud/deceit/misrepresentation (Count VI); breach of contract and breach of the implied covenant of good faith and fair dealing (Count VII); assault and battery (Count VIII); intentional and negligent infliction of emotional distress (Counts IX-X); and respondeat superior (Count XI).

All of the claims should be dismissed because the Court lacks personal jurisdiction over the Defendants.

In the alternative, all of the claims fail as a matter of law and should be dismissed with prejudice for the following reasons:

1.    The claim for sexual harassment in violation of Title VII (Count I) is time-barred. In addition, Kaku may not be held individually liable under Title VII.

2.    The claim for sexual harassment in violation of Chapter 151B (Count II) fails because applying Massachusetts law to the parties' out-of-state employment dispute would be

2

unconstitutional. Moreover, even if Chapter 151B applied, a claim under that statute would be time-barred.

3.    The claim under the Massachusetts Sexual Harassment Statute, MGL ch. 214, § 1C (Count III), fails because applying Massachusetts law to the parties' out-of-state employment dispute would be unconstitutional. Moreover, even if Massachusetts law applied, the claim would be barred by the exclusivity provision of Chapter 151B. Finally, even if MGL ch. 214, § 1C applied, the claim would be time-barred.

4.    The claim under the Massachusetts Civil Rights Act ("MCRA"), MGL ch. 12, § 11(I) (Count IV), fails because applying Massachusetts law to the parties' out-of-state employment dispute would be unconstitutional. Moreover, even if the MCRA applied, the claim would be time-barred.

5.    The claim under the Massachusetts Equal Rights Act ("MERA"), MGL ch. 93, § 102 (Count V), fails because applying Massachusetts law to the parties' out-of-state employment dispute would be unconstitutional. Moreover, even if Massachusetts law applied, the claim would be barred by the exclusivity provision of Chapter 151B. Finally, even if the MCRA applied, the claim would be untimely.

6.    The claim for fraud/deceit/misrepresentation (Count VI) also fails. If the statute of limitations of Massachusetts or California law applies, the claim is time-barred. In addition, no matter which state's law applies, the face of the Complaint makes clear that Macdonald cannot make out all the elements of a fraud claim.

7.    The claim for breach of contract and breach of the implied duty of good faith and fair dealing (Count VII) is time-barred.

8.    The claim for assault and battery (Count VIII) is also time-barred.

9.    The claims for intentional and negligent infliction of emotional distress (Counts IX and X) are also time-barred.  In addition, the negligent infliction claim fails because Macdonald has not alleged negligence.

10.    The respondeat superior claim against Kaku Associates (Count XI) fails because it seeks to impose derivative liability for Kaku's alleged wrongs, and all the substantive counts against Kaku fail for the reasons stated above.

A supporting Memorandum of Law is filed herewith.

WHEREFORE, the Defendants respectfully request that all counts in the Complaint be dismissed with prejudice.

Respectfully submitted,

KAKU ASSOCIATES, INC. and
DICK S. KAKU

By their attorneys,

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/HAND ON
DATE 6-30-04 SIGNATURE *Lisa Gaulin*

*Lisa Gaulin*
Christine J. Wichers (BBO # 631857)
Lisa M. Gaulin (BBO# 654655)
CHOATE, HALL & STEWART
53 State Street
Boston, MA 02109-2891
617-248-5000

Dated:  June 30, 2004

### Rule 7.1 Certification

Pursuant to Local Rule 7.1(A)(2), I hereby certify that on June 29, 2004 and June 30, 2004, I made three phone calls to Lester Riordan, counsel for the Plaintiff in this action, in a good-faith attempt to resolve or narrow the issues in the foregoing motion.  I was unable to reach him.

*Lisa Gaulin*
Lisa M. Gaulin