UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NANETTE MACDONALD,<br><br>　　　　　Plaintiff,<br>v.<br><br>KAKU ASSOCIATES, INC. and<br>DICK S. KAKU,<br><br>　　　　　Defendants. | Civil Action No. 04-11218-RCL |

## LOCAL RULE 16.1 JOINT STATEMENT

Plaintiff, Nanette Macdonald ("Macdonald"), and defendant, Dick S. Kaku ("Kaku"), submit this Joint Statement pursuant to Fed. R. Civ. P. 16, Local Rule 16.1, and this Court's Notice of Scheduling Conference and Additional Matters.

### I.   Summary of the Parties' Positions

The parties agree that they were involved in a sexual relationship over several years. Macdonald alleges that during the time she was involved with Kaku, she lived in Hawaii and was employed by Kaku's California company, Kaku Associates, Inc. Kaku, a California resident and the President of Kaku Associates, Inc., denies that Macdonald was ever employed by Kaku Associates. Kaku alleges that he and Macdonald continued to be intimate until 2002, not long before Macdonald moved to Massachusetts in August 2002.

Macdonald claims that after she moved to Massachusetts, Kaku made harassing phone calls to her 50-100 times. Kaku denies the allegation. He claims that in the fall of 2002 he called her approximately twenty times and they had pleasant conversations, and then he called her twice in February 2003 to say hello. Macdonald claims that Kaku agreed to stop contacting

her, but continues to make phone calls on a regular basis for the purpose of harassing and intimidating her. Kaku denies making any calls after February 2003.

On May 21, 2004, Macdonald filed this lawsuit. The defendants moved to dismiss the Complaint in its entirety for lack of personal jurisdiction or, in the alternative, for failure to state a claim. Macdonald opposed the motion. The Court heard the motion on December 13, 2004. At the hearing the Court ruled from the bench, dismissing all of the claims against Kaku Associates, and all of the claims against Kaku except for intentional infliction of emotional distress.[1]

The sole remaining issues are (1) the number of telephone calls Kaku made to Macdonald in Massachusetts after August 2002, and (2) the nature and substance of those calls – i.e., did they constitute intentional infliction of emotional distress. Macdonald seeks damages for the alleged intentional infliction of emotional distress.

## II.    Discovery Plan

Macdonald seeks six months of discovery and believes this is reasonable in light of the need to obtain third-party discovery. Kaku believes discovery can easily be completed in 60 days. In connection with this subject, Kaku has filed a motion to limit discovery to two issues: (1) the number of phone calls he made to Macdonald after August 2002, and (2) the nature and substance of those calls. Macdonald opposes the motion. She contends that a broader scope of discovery is required.

---

[1] The Court dismissed the following claims brought against both defendants: sexual harassment in violation of Title VII, MGL ch. 151B, and MGL ch. 214, § 1C (Counts I-III); violation of the Massachusetts Civil Rights Act, MGL ch. 12, § 11(I) (Count IV); violation of the Massachusetts Equal Rights Act, MGL ch. 93, § 102 (Count V); fraud (Count VI); breach of contract and breach of the implied covenant of good faith and fair dealing (Count VII); assault and battery (Count VIII); and negligent infliction of emotional distress (Count X). The Court also dismissed the claim for respondeat superior (Count XI), which had been brought against Kaku Associates only, and it dismissed the claim for intentional infliction of emotional distress (Count IX) as against Kaku Associates.

Both parties agree to comply with the discovery limitations set forth in Fed. R. Civ. P. 26(b). Neither party believes that phased discovery is desirable.

Both parties agree that summary judgment motions should be filed within 30 days after the close of discovery.

### III. Certification of Parties

The Certificates required by Local Rule 16.1(D)(3) are being filed separately.

Respectfully submitted,

| NANETTE MACDONALD | DICK S. KAKU |
|---|---|
| By her attorney, | By his attorneys, |
| /s/ Lester Riordan /cw by consent | /s/ Christine Wichers |
| Lester E. Riordan III (BBO No. 663725) | Christine J. Wichers (BBO No. 631857) |
| 12 Pond Lane, EB-1N | Lisa M. Gaulin (BBO No. 654655) |
| Concord, MA 01742 | Choate, Hall & Stewart |
| (978) 341-0404 | 53 State Street |
|  | Boston, MA 02109 |
|  | (617) 248-5000 |

Dated: January 20, 2005

3791161v1