IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

EASTERN DIVISION                     C.A. No. 04-11218-RCL

| | |
|---|---|
| | ) |
| NANETTE MACDONALD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| KAKU ASSOCIATES INC. AND DICK | ) |
| S. KAKU | ) |
| | ) |
| Defendants. | ) |
| | ) |

**OPPOSITION TO DICK KAKU'S MOTION TO LIMIT DISCOVERY AND
CROSS-MOTION TO STRIKE EXHIBIT A**

Plaintiff Nanette MacDonald, by and through her counsel,
Opposes Defendant Dick Kaku's Motion to Limit Discovery and
requests this Honorable Court to deny said Motion.
Plaintiff also requests that this Honorable Court strike
that portion of Plaintiff's motion and exhibits dealing
with a letter allegedly from Mr. Jerald Serviss to Ms.
MacDonald (attached as exhibit A). Plaintiff requests all
additional relief as this Court deems just and appropriate.
In support thereof, Plaintiff states as follows:

1.   Defendant seeks to limit discovery to three years
     from the date of the filing of the complaint.
     *Deft.'s Mot. at 3.*  This argument is based on a
     contention that activities of the Defendant three

years prior to the complaint lie outside of the

applicable statue of limitations.   <u>Id</u>.

2.    Plaintiff acknowledges that this Court dismissed a

variety of claims brought by Ms. MacDonald against

Defendant and his business, Kaku Associates.   The

remaining count controls discovery.   Discovery, from

a practical point of view, focuses on proving up

telephone calls through phone records, testimony,

and the statements and admissions of the parties.

Proof as to whether these calls were intended to

control, harass or intimidate also centers on the

parties past conduct, motivation and mutual

dealings.   Defendant simply asks this Court to

exclude discovery into material that will explain

why Kaku has engaged in such conduct.   Further, the

compulsive nature of the conduct raises significant

concerns.

3.    The issue should not be geared towards a limitation

based on time, but rather relevancy.   Clearly, to

the extent Ms. Macdonald can produce relevant and

material discovery outside of the limitations

period, she should be permitted to purse this

course.

4.    "Parties may obtain discovery regarding any matter,

not privileged, that is relevant to the claim or

defense of any party…." Klonoski v. Mahlab, 156

F.3d 255 (1st Cir. 1998) *citing* Fed. R. Civ. P

26(a). "Relevant information need not be admissible

at the trial if the discovery appears reasonably

calculated to lead to the discovery of admissible

evidence." Id.

5.    Defendant skirts the issue of relevancy without

citation to authority. *See Deft's Mot. at 6.*

Clearly, this Court has adequate power to scrutinize

abusive discovery requests to ensure that discovery

"does not become a fishing expedition." See Crowell

v. Ionics, Inc., 343 F. Supp. 2d 1 (Mass. 2004).

The request to limit discovery at this juncture is

therefore premature.

6.    Psychological and emotional issues relating to

control and compulsion are material in these types

of cases. For instance, Kaku's demand that Ms.

MacDonald abort her baby so they could continue

their affair is material and probative to Kaku's

need for control. This is not to say that discovery

material will be admissible at trial.[1]Rather, it may
lead to probative material or a foundational
understanding of Kaku's conduct.  This approach also
asks this Court to assume that Kaku's conduct is
unrelated to their prior relationship.  Thus,
prohibiting Ms. MacDonald from inquiring into issues
surrounding their relationship outside of the three
year time period is simply unfair.

7.    Plaintiff views the tax issues, subject to a few
exceptions, as apart from this litigation.  However,
if Kaku issued an incorrect Form 1099 relating to
personal revenge, anger or the desire to assert
control over Ms. MacDonald, such information is
probative of Kaku's intent.  In addition, it is
clearly at odds with his characterization of some 20
unwanted phone calls as "friendly."

8.    In fact, the weight of authority suggests that
evidence combining elements of both impeachment and
substantive issues should be disclosed. See <u>Wegner
v. Cliff Viessman, Inc.,</u> 153 F.R.D. 154, 157-59
(N.D. Iowa 1994).  This approach makes sense.  If a
party plans to testify to one version of the facts,

---

[1] The Court may exclude this as evidence on a variety of grounds,
including prejudice.  However, prohibiting the inquiry hampers Ms.
MacDonald in her effort to explain Kaku's conduct.

and the opponent has evidence supporting a different
version, the opponent's evidence will tend to
impeach by contradiction, but if discovery of this
kind of evidence is not permitted the discovery
rules might as well be repealed. Klonoski v. Mahlab,
156 F.3d 255 1st Cir. 1998) *citing* 8 Wright & Miller,
supra, § 2015, at 212. Even those who have been most
concerned about protecting impeachment material
recognize that substantive evidence must be subject
to discovery even though it also tends to contradict
evidence of the discovering party.  Id.

9.    Defendant's counsel also makes a series of
unverified allegations at page 5 of the Motion.
Plaintiff's counsel disputes this and forcefully
rejects the contention set forth in footnote number
3.[2]

10.   In any event, Defendant Kaku admitted to a long
running sexual affair with the Plaintiff.  Defendant
Kaku acknowledged that the affair ended in 2002.
Defendant admits that he called Plaintiff at least
twenty (20) times, but claims that these calls were

---

[2] Plaintiff's counsel, in a series of correspondence and telephone
communications, requested the basis of a Form 1099 issued to Ms.
MacDonald.  Defendant's counsel has refused to provide the requested
information.  Plaintiff's counsel has communicated that if this
information with adequate documentation was not provided, Ms. MacDonald
would take steps to challenge the Form 1099s.

friendly. Ms. MacDonald stated that these calls were anything but friendly. Kaku also acknowledges a confrontation with Ms. MacDonald's former boyfriend. Defendant Kaku agreed not to contact Ms. MacDonald.[3]

11.  Defendant Kaku continued to call Ms. MacDonald at her place of business.  Ms. MacDonald, on some of these calls, recognized the Defendant's voice and background noise.  The calls occur on a regular basis and generally at the same time each day. The calls ceased on the filing of the complaint. These calls are directed to Ms. MacDonald at work. Plaintiff asserts that the past history of the parties provides sufficient circumstantial evidence that the Defendant is making these calls for the purpose of harassing and intimidating Ms. MacDonald.

12.  The insertion of the alleged letter of Mr. Serviss into Defendant's Motion proves the point. Plaintiff objects to this letter as to hearsay; authenticity and attorney-client privilege.  In addition, the use of that letter is designed to improperly raise the

---

[3] Defendant made a payment of $15,000 to Ms. Macdonald at or around the time of some of these calls. Defendant's counsel claimed that this payment was extorted.  Plaintiff's counsel requested evidence of this, but has yet to receive any documentation, affidavit or even letter outlining the details. Clearly, if such extortion existed, counsel would immediately reappraise his role in this case.

specter of Ms. MacDonald's sexual history. Defendant

essentially asserts that the alleged details of Ms.

MacDonald's private conduct are relevant, but the

Defendant's pristine character is not open to

question.

13.   Plaintiff is not requesting discovery regarding

Kaku's personal relationships apart from his

relationship with Ms. MacDonald. Plaintiff is not

seeking to delve into Kaku's sexual history.

However, Defendant attempts to suggest otherwise by

adopting a gold star defense that should not be

inserted into discovery.  In Kaku's world a man

keeping a mistress is due respect; the mistress is

worthless.  Maybe so, but Kaku and his counsel,

rather than attempting to cast aspersions, should

save this approach for trial.

WHEREFORE, Plaintiff Nanette MacDonald, by and through

her counsel, Opposes Defendant Dick Kaku's Motion to Limit

Discovery and requests this Honorable Court to deny said

Motion. Plaintiff also requests that this Honorable Court

strike that portion of Plaintiff's motion and exhibits

dealing with a letter allegedly from Mr. Jerald Serviss to

Ms. MacDonald (attached as exhibit A). Plaintiff requests

all additional relief as this Court deems just and

appropriate.

                                    Respectfully submitted,


                                    [Lester E. Riordan III]


                                    _____
                                    Lester E. Riordan III
                                    BBO No. 663725
                                    12 Pond Lane, EB-1N
                                    Concord, Massachusetts 01742
                                    (978) 341-0404
                                    (978) 341-0405 facsimile


## CERTIFICATE OF SERVICE


I, Lester E. Riordan III, certify that I have sent, by
first class mail this JANUARY 25, 2005, a copy of the above
opposition and cross-motion to Christine J. Wichers,
Esquire, Choate, Hall & Stewart, Exchange Place, 53 State
Street, Boston, MA 02109-2804. A paper courtesy copy shall
be filed with the Court.

                                    Respectfully submitted,


                                    [Lester E. Riordan III]


                                    _____
                                    Lester E. Riordan III
                                    BBO No. 663725
                                    12 Pond Lane, EB-1N
                                    Concord, Massachusetts 01742
                                    (978) 341-0404
                                    (978) 341-0405 facsimile